IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| **MARK ANTHONY ORTEGA,** § <br> *Plaintiff*, § <br> v. § <br> § <br> **LOUIS AMBROSIO AND BLOCK EQUITY** § <br> **GROUP, LLC** § <br> *Defendants.* § | Case No. 5:24-cv-00838-FB |

**DEFENDANT BLOCK EQUITY GROUP, LLC'S ORIGINAL ANSWER TO**
**PLAINTIFF'S ORIGINAL COMPLAINT**

BLOCK EQUITY GROUP, LLC ("Block" or "Defendant") files its Original Answer to Plaintiff's Original Complaint (the "Complaint").

BLOCK denies each and every allegation in the Complaint unless expressly admitted or otherwise qualified, as follows:

**NATURE OF THE CASE**

1.  BLOCK admits that Plaintiff filed this lawsuit pursuant to the Telephone Consumer Protection Act ("TCPA") and Texas Business and Commercial Code, Chapter 302 ("TBOC"), but denies it violated the TCPA or TBOC. BLOCK denies that Plaintiff is entitled to any such relief identified.

**BACKGROUND ON THE TCPA**

2.  BLOCK states that Paragraph 2 alleges legal conclusions to which no response is required. To the extent a response is deemed necessary, BLOCK states that the TCPA is a federal statute that speaks for itself, and otherwise denies the allegations in Paragraph 2.

3.  BLOCK states that Paragraph 3 alleges legal conclusions to which no response is required. To the extent a response is deemed necessary, BLOCK states that the TCPA is a federal statute that speaks for itself, and otherwise denies the allegations in Paragraph 3.

4. BLOCK states that Paragraph 4 alleges legal conclusions to which no response is required. To the extent a response is deemed necessary, BLOCK states that the TCPA is a federal statute that speaks for itself, and otherwise denies the allegations in Paragraph 4.

## JURISDICTION AND VENUE

5. BLOCK states that Paragraph 5 contains legal conclusions to which no response is required. BLOCK specifically denies subject matter jurisdiction exists in this case as Plaintiff did not suffer any concrete harm as a result of the purported conduct of BLOCK in this case. Further, BLOCK states that 28 U.S.C. § 1331 is a federal statute that speaks for itself, and otherwise denies the allegations in Paragraph 5.

6. BLOCK states that Paragraph 6 contains legal conclusions to which no response is required. Further, BLOCK states that 28 U.S.C. § 1367 is a federal statute that speaks for itself, and otherwise denies the allegations in Paragraph 6.

7. BLOCK states that Paragraph 7 contains legal conclusions to which no response is required. Further, BLOCK states that 28 U.S.C. § 1367 is a federal statute that speaks for itself, and otherwise denies the allegations in Paragraph 7.

8. BLOCK states that Paragraph 8 contains legal conclusions to which no response is required. To the extent a response is deemed necessary, BLOCK denies that it has sufficient contacts within this district to be subject to personal jurisdiction by this Court.

9. BLOCK states that Paragraph 9 contains legal conclusions to which no response is required. To the extent a response is deemed necessary, BLOCK denies that any unlawful conduct occurred within the Western District of Texas.

## PARTIES

10. The allegations in Paragraph 10 do not relate to BLOCK. Thus, they are denied because BLOCK lacks knowledge or information sufficient to form a belief about the truth of those allegations.

11. The allegations in Paragraph 11 do not relate to BLOCK. Thus, they are denied because BLOCK lacks knowledge or information sufficient to form a belief about the truth of those allegations.

12. BLOCK admits that it is a limited liability company organized and existing under the laws of New York.

13. BLOCK states that Paragraph 13 contains legal conclusions to which no response is required. Further, BLOCK states that 47 U.S.C. § 153(39) is a federal statute that speaks for itself.

14. The allegations in Paragraph 14 do not relate to BLOCK. Thus, they are denied.

15. The allegations in Paragraph 15 do not relate to BLOCK. Thus, they are denied. Further, BLOCK states that 47 U.S.C. § 153(39) is a federal statute that speaks for itself.

## FACTUAL BACKGROUND

16. The factual allegations in Paragraph 16 do not relate to BLOCK. Thus, they are denied because BLOCK lacks knowledge or information sufficient to form a belief about the truth of those allegations.

17. The factual allegations in Paragraph 17 do not relate to BLOCK. Thus, they are denied because BLOCK lacks knowledge or information sufficient to form a belief about the truth of those allegations.

18. The factual allegations in Paragraph 18 do not relate to BLOCK. Thus, they are denied because BLOCK lacks knowledge or information sufficient to form a belief about the truth of those allegations.

19. The factual allegations in Paragraph 19 do not relate to BLOCK. Thus, they are denied because BLOCK lacks knowledge or information sufficient to form a belief about the truth of those allegations.

20. BLOCK denies the allegations in Paragraph 20.

21. BLOCK states that Paragraph 21 alleges legal conclusions to which no response is required. To the extent a response is deemed necessary, BLOCK denies the allegations made in Paragraph 21.

22. BLOCK states that Paragraph 22 alleges legal conclusions to which no response is required. To the extent a response is deemed necessary, BLOCK denies the allegations made in Paragraph 22.

23. BLOCK admits that Plaintiff consented to the communications by voluntarily providing his email to receive additional information. BLOCK denies that it was engaged by Plaintiff.

24. BLOCK admits that Plaintiff consented to the communications by voluntarily providing his email to receive additional information. BLOCK denies that it contacted Plaintiff.

25. The factual allegations in Paragraph 25 do not relate to BLOCK. Thus, they are denied because BLOCK lacks knowledge or information sufficient to form a belief about the truth of those allegations. Specifically, BLOCK lacks knowledge or information sufficient to determine if Plaintiff received any communication.

26. BLOCK denies the allegations in Paragraph 26.

27. BLOCK admits that Plaintiff included a screenshot of the text messages in Paragraph 27. To the extent Paragraph 27 contains additional factual allegations, those factual allegations do not relate to BLOCK. Thus, they are denied because BLOCK lacks knowledge or information sufficient to form a belief about the truth of those allegations. Specifically, BLOCK lacks knowledge or information sufficient to determine or authenticate the information contained within the screenshot

28. BLOCK denies the allegations in Paragraph 28.

29. BLOCK admits that Plaintiff filed a lawsuit under the TCPA. BLOCK denies liability.

## COUNT I
### Violation of the Telephone Consumer Protection Act
### (47 U.S.C. §(c)(5))

30. BLOCK incorporates herein by reference its responses and denials to paragraphs 1 through 29 as if fully restated herein.

31. BLOCK states that Paragraph 31 contains legal conclusions to which no response is required. Further, BLOCK states that 47 U.S.C. § 227(c) is a federal statute that speaks for itself, and otherwise denies the allegations in Paragraph 31.

32. BLOCK denies the allegations in Paragraph 32.

33. BLOCK denies the allegations in Paragraph 33.

34. BLOCK denies the allegations in Paragraph 34.

35. BLOCK denies the allegations in Paragraph 35.

## COUNT II
### Violation of the Texas Business and Commercial Code
### (Tex. Bus & Com Code §302.101)

36. BLOCK incorporates herein by reference its responses and denials to paragraphs 1 through 35 as if fully restated herein.

37. BLOCK denies the allegations in Paragraph 37.

38. BLOCK states that Paragraph 38 contains legal conclusions to which no response is required. To the extent a response is required, BLOCK denies the allegations in Paragraph 38.

39. BLOCK denies the allegations in Paragraph 39.

40. BLOCK states that Paragraph 41 contains legal conclusions to which no response is required. Further, BLOCK states that TBOC is a statute that speaks for itself, and otherwise denies the allegations in Paragraph 40.

## COUNT III
### Violation of the Telephone Consumer Protection Act
### Failure to Honor Do-Not-Call Request
### (47 C.F.R. § 64.1200(d)(6))

41. BLOCK incorporates herein by reference its responses and denials to paragraphs 1 through 40 as if fully restated herein.

42. BLOCK states that Paragraph 42 contains legal conclusions to which no response is required. Further, BLOCK states that the TCPA is a federal statute that speaks for itself, and otherwise denies the allegations in Paragraph 42.

43. BLOCK states that Paragraph 43 contains legal conclusions to which no response is required. Further, BLOCK states that 47 C.F.R. § 64.1200(d)(6) is a federal regulation that speaks for itself, and otherwise denies the allegations in Paragraph 43.

44. BLOCK denies the factual allegations in Paragraph 44.

45. BLOCK denies the factual allegations in Paragraph 45.

46. BLOCK denies the factual allegations in Paragraph 46.

## DEMAND FOR RELIEF

47. BLOCK denies Plaintiff is entitled to the requested relief sought including subsections (a) – (f).

## DEMAND FOR JURY TRIAL

48. BLOCK denies that Plaintiff has asserted any triable issues requiring a jury trial

## AFFIRMATIVE AND OTHER DEFENSES

Each of the defenses set forth herein is stated as a separate and distinct defense, in the alternative to, and without waiving, any of the other defenses which are herein or which may hereafter be pleaded. BLOCK reserves the right to raise such additional affirmative and other defenses as may be established during discovery and by the evidence in this case. BLOCK asserts the following specific defenses:

1. Plaintiff's Complaint fails to state a claim upon which relief may be granted.

2. Plaintiff's claims against BLOCK are barred, in whole or in part, because the alleged injuries were caused by acts or omissions of Plaintiff and/or third parties and/or by events outside the control of any of the parties and/or a superseding intervening cause and not by BLOCK.

3. BLOCK had prior express consent to contact Plaintiff.

4. BLOCK did not violate the TCPA directly, and Plaintiff fails to allege a claim under any theory of vicarious liability.

5. Plaintiff lacks Article III standing to bring this action because Plaintiff did not suffer an injury-in-fact as a result of BLOCK'S alleged conduct.

6. Plaintiff's claims are barred under the doctrines of laches and/or unclean hands.

7. To the extent that Plaintiff's claims relate to conduct beyond the applicable statute

of limitations, such claims are barred.

8. Plaintiff's claims are barred to the extent they arise from an isolated text message thus precluding liability under the TCPA.

9. Plaintiff's claims are barred, or damages reduced, to the extent that any harm or injuries were the result of, in whole or in part, the negligent or intentional acts or omissions of third parties.

10. To the extent there was any violation of the TCPA, which BLOCK denies, BLOCK is not liable for any such violation because BLOCK established and implemented, with due care, reasonable practices and procedures to effectively prevent violations of the TCPA, and therefore such violation was not willful or knowing.

11. BLOCK is informed and believes that Plaintiff's claims are barred in whole or in part as a result of their failure to mitigate their alleged damages, if any, and any recovery should be reduced in proportion to their failure to mitigate such damages.

12. BLOCK did not willfully or knowingly contact Plaintiff without prior express consent. To the extent that there was any violation of the TCPA, which BLOCK denies, BLOCK shall be liable for no more than a $500.00 penalty, as BLOCK denies that it willfully and knowingly violated the TCPA pursuant to 47 U.S.C. § 227(b)(3)(C).

13. To the extent there was any violation of the TCPA, which BLOCK denies, BLOCK shall be liable for no more than a $500.00 penalty, as Plaintiff has not sustained any actual monetary loss pursuant to 47 U.S.C. § 227(b)(3)(B).

14. BLOCK is informed and believes that Plaintiff has not sustained any actual injury as a result of the alleged violations of the TCPA. Plaintiff must sustain an injury in fact for each individual call or text for which Plaintiff claims a violation.

15. BLOCK's compliance with the statutes, rules, and regulations which govern the subject matter of this lawsuit precludes its liability to Plaintiff.

16. The allegations of the Complaint, and the purported cause of actions alleged in the Complaint, are not pleaded with sufficient particularity, are uncertain, vague, ambiguous, and unintelligible, and fail to meet the applicable pleading requirements.

17. Plaintiff's claims are barred, in whole or in part, because Plaintiff's requested relief is too speculative and/or remote and/or impossible to prove and/or allocate.

18. BLOCK acted in good faith in any and all interactions with Plaintiff and did not directly or indirectly perform any acts whatsoever which would constitute a violation of any rights of Plaintiff or any duty, if any, owed to Plaintiff.

19. Plaintiff's claims fail or otherwise are barred, in whole or in part, or are limited because to the extent the subject contacts occurred, the calls were made with the prior express consent of Plaintiff or someone acting on Plaintiff's behalf as owners/subscribers or the regular users of the subject phone and/or other parties, persons, and entities acting on their respective behalf.

20. BLOCK states that it is exempted from registration under TBOC § 302.101 under the supervised financial institution exemption.

21. BLOCK states that TBOC § 302 does not apply to it because BLOCK is not a Seller.

22. BLOCK states that TBOC § 302 does not apply as BLOCK did not make any Telephone solicitation.

23. BLOCK is without sufficient knowledge or information to form a belief as to whether it may have additional, but yet unstated, affirmative defenses available to it, and

accordingly, BLOCK reserves the right to assert additional defenses in the event discovery indicates that the same would be appropriate.

## CONCLUSION AND REQUEST FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, BLOCK respectfully requests that Plaintiff recover nothing, the costs and attorneys' fee are assessed against Plaintiff, and for any other relief Block is entitled to receive.

    Respectfully submitted,

    **MUNSCH HARDT KOPF & HARR, P.C.**

    By: */s/ Michael A. Harvey*
        **Michael A. Harvey**
        State Bar No. 24058352
        700 Milam Street, Suite 800
        Houston, Texas 77002
        Phone: (713) 222-4015
        Fax: (713) 222-5834
        mharvey@munsch.com

    **ATTORNEYS FOR DEFENDANT BLOCK EQUITY GROUP, LLC**

**OF COUNSEL:**
Earl L. Ingle
State Bar No. 24097234
Sofia Colorado
State Bar No. 24121545
MUNSCH HARDT KOPF & HARR, P.C.
700 Milam Street, Suite 800
Houston, Texas 77002
Phone: (713) 222-4075
Fax: (713) 222-5834
eingle@munsch.com
scolorado@munsch.com

## CERTIFICATE OF SERVICE

      Pursuant to Rule 5 of the Federal Rules of Civil Procedure, the undersigned counsel for the Defendant certifies that the foregoing document has been filed with the Court electronic case filing system and served upon all known parties by e-service, first class mail, facsimile and/or certified mail, return receipt requested on October 4, 2024.

    Mark Anthony Ortega, *Pro Se*
    P.O. Box 702099
    San Antonio, Texas 78270

                                    */s/ Michael A. Harvey*
                                    Michael A. Harvey

4874-6918-0140v.3