IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **MARK ANTHONY ORTEGA,** | § | |
| *Plaintiff,* | § | |
| v. | § | Case No. 5:24-cv-00838-FB |
| | § | |
| **LOUIS AMBROSIO AND BLOCK EQUITY** | § | |
| **GROUP, LLC** | § | |
| *Defendants.* | § | |

### DEFENDANT LOUIS AMBROSIO'S ORIGINAL ANSWER TO PLAINTIFF'S ORIGINAL COMPLAINT

LOUIS AMBROSIO ("Ambrosio" or "Defendant") files its Original Answer to Plaintiff's Original Complaint (the "Complaint").

AMBROSIO denies each and every allegation in the Complaint unless expressly admitted or otherwise qualified, as follows:

### NATURE OF THE CASE

1. AMBROSIO admits that Plaintiff filed this lawsuit pursuant to the Telephone Consumer Protection Act ("TCPA") and Texas Business and Commercial Code, Chapter 302 ("TBOC"), but denies he violated the TCPA or TBOC. AMBROSIO denies that Plaintiff is entitled to any such relief identified.

### BACKGROUND ON THE TCPA

2. AMBROSIO states that Paragraph 2 alleges legal conclusions to which no response is required. To the extent a response is deemed necessary, AMBROSIO states that the TCPA is a federal statute that speaks for itself, and otherwise denies the allegations in Paragraph 2.

3. AMBROSIO states that Paragraph 3 alleges legal conclusions to which no response is required. To the extent a response is deemed necessary, AMBROSIO states that the TCPA is a federal statute that speaks for itself, and otherwise denies the allegations in Paragraph 3.

4. AMBROSIO states that Paragraph 4 alleges legal conclusions to which no response is required. To the extent a response is deemed necessary, AMBROSIO states that the TCPA is a federal statute that speaks for itself, and otherwise denies the allegations in Paragraph 4.

## JURISDICTION AND VENUE

5. AMBROSIO states that Paragraph 5 contains legal conclusions to which no response is required. AMBROSIO specifically denies subject matter jurisdiction exists in this case as Plaintiff did not suffer any concrete harm as a result of the purported conduct of AMBROSIO in this case. Further, AMBROSIO states that 28 U.S.C. § 1331 is a federal statute that speaks for itself, and otherwise denies the allegations in Paragraph 5.

6. AMBROSIO states that Paragraph 6 contains legal conclusions to which no response is required. Further, AMBROSIO states that 28 U.S.C. § 1367 is a federal statute that speaks for itself, and otherwise denies the allegations in Paragraph 6.

7. AMBROSIO states that Paragraph 7 contains legal conclusions to which no response is required. Further, AMBROSIO states that 28 U.S.C. § 1367 is a federal statute that speaks for itself, and otherwise denies the allegations in Paragraph 7.

8. AMBROSIO states that Paragraph 8 contains legal conclusions to which no response is required.  To the extent a response is deemed necessary, AMBROSIO denies that he has sufficient contacts within this district to be subject to personal jurisdiction by this Court.

9. AMBROSIO states that Paragraph 9 contains legal conclusions to which no response is required. To the extent a response is deemed necessary, AMBROSIO denies that any unlawful conduct occurred within the Western District of Texas.

## PARTIES

10. The allegations in Paragraph 10 do not relate to AMBROSIO. Thus, they are denied because AMBROSIO lacks knowledge or information sufficient to form a belief about the truth of those allegations.

11. The allegations in Paragraph 11 do not relate to AMBROSIO. Thus, they are denied because AMBROSIO lacks knowledge or information sufficient to form a belief about the truth of those allegations.

12. The allegations in Paragraph 12 do not relate to AMBROSIO. Thus, they are denied because AMBROSIO lacks knowledge or information sufficient to form a belief about the truth of those allegations.

13. The allegations in Paragraph 12 do not relate to AMBROSIO. Thus, they are denied because AMBROSIO lacks knowledge or information sufficient to form a belief about the truth of those allegations.

14. AMBROSIO admits that he is a natural person that resides at 84 Philadelphia Ave, Massapequa Park, New York, 11762.

15. AMBROSIO states that Paragraph 15 contains legal conclusions to which no response is required. Further, AMBROSIO states that 47 U.S.C. § 153(39) is a federal statute that speaks for itself, and otherwise denies the allegations in Paragraph 15.

## FACTUAL BACKGROUND

16. The factual allegations in Paragraph 16 do not relate to AMBROSIO. Thus, they are denied because AMBROSIO lacks knowledge or information sufficient to form a belief about the truth of those allegations.

17. The factual allegations in Paragraph 17 do not relate to AMBROSIO. Thus, they are denied because AMBROSIO lacks knowledge or information sufficient to form a belief about the truth of those allegations.

18. The factual allegations in Paragraph 18 do not relate to AMBROSIO. Thus, they are denied because AMBROSIO lacks knowledge or information sufficient to form a belief about the truth of those allegations.

19. The factual allegations in Paragraph 19 do not relate to AMBROSIO. Thus, they are denied because AMBROSIO lacks knowledge or information sufficient to form a belief about the truth of those allegations.

20. AMBROSIO denies the allegations in Paragraph 20.

21. AMBROSIO states that Paragraph 21 alleges legal conclusions to which no response is required. To the extent a response is deemed necessary, AMBROSIO denies the allegations made in Paragraph 21.

22. AMBROSIO states that Paragraph 22 alleges legal conclusions to which no response is required. To the extent a response is deemed necessary, AMBROSIO denies the allegations made in Paragraph 22.

23. AMBROSIO admits that Plaintiff consented to the communications by voluntarily providing his email to receive additional information. AMBROSIO denies that he was engaged by Plaintiff.

24. AMBROSIO admits that Plaintiff consented to the communications by voluntarily providing his email to receive additional information. AMBROSIO denies that he contacted Plaintiff.

25. The factual allegations in Paragraph 25 do not relate to AMBROSIO. Thus, they are denied because AMBROSIO lacks knowledge or information sufficient to form a belief about the truth of those allegations. Specifically, AMBROSIO lacks knowledge or information sufficient to determine if Plaintiff received any communication.

26. AMBROSIO denies the allegations in Paragraph 26.

27. AMBROSIO admits that Plaintiff included a screenshot of the text messages in Paragraph 27. To the extent Paragraph 27 contains additional factual allegations, those factual allegations do not relate to AMBROSIO. Thus, they are denied because AMBROSIO lacks knowledge or information sufficient to form a belief about the truth of those allegations. Specifically, AMBROSIO lacks knowledge or information sufficient to determine or authenticate the information contained within the screenshot.

28. AMBROSIO denies the allegations in Paragraph 28.

29. AMBROSIO admits that Plaintiff filed a lawsuit under the TCPA. AMBROSIO denies liability.

## COUNT I
### Violation of the Telephone Consumer Protection Act
### (47 U.S.C. §(c)(5))

30. AMBROSIO incorporates herein by reference its responses and denials to paragraphs 1 through 29 as if fully restated herein.

31. AMBROSIO states that Paragraph 31 contains legal conclusions to which no response is required. Further, AMBROSIO states that 47 U.S.C. § 227(c) is a federal statute that speaks for itself, and otherwise denies the allegations in Paragraph 31.

32. AMBROSIO denies the allegations in Paragraph 32.

33. AMBROSIO denies the allegations in Paragraph 33.

34. AMBROSIO denies the allegations in Paragraph 34.

35. AMBROSIO denies the allegations in Paragraph 35.

## COUNT II
### Violation of the Texas Business and Commercial Code
### (Tex. Bus & Com Code §302.101)

36. AMBROSIO incorporates herein by reference its responses and denials to paragraphs 1 through 35 as if fully restated herein.

37. AMBROSIO denies the allegations in Paragraph 37.

38. AMBROSIO states that Paragraph 38 contains legal conclusions to which no response is required. To the extent a response is required, AMBROSIO denies the allegations in Paragraph 38.

39. AMBROSIO denies the allegations in Paragraph 39.

40. AMBROSIO states that Paragraph 41 contains legal conclusions to which no response is required. Further, AMBROSIO states that TBOC is a statute that speaks for itself, and otherwise denies the allegations in Paragraph 40.

## COUNT III
### Violation of the Telephone Consumer Protection Act
### Failure to Honor Do-Not-Call Request
### (47 C.F.R. § 64.1200(d)(6))

41. AMBROSIO incorporates herein by reference its responses and denials to paragraphs 1 through 40 as if fully restated herein.

42. AMBROSIO states that Paragraph 42 contains legal conclusions to which no response is required. Further, AMBROSIO states that the TCPA is a federal statute that speaks for itself, and otherwise denies the allegations in Paragraph 42.

43. AMBROSIO states that Paragraph 43 contains legal conclusions to which no response is required. Further, AMBROSIO states that 47 C.F.R. § 64.1200(d)(6) is a federal regulation that speaks for itself, and otherwise denies the allegations in Paragraph 43.

44. AMBROSIO denies the factual allegations in Paragraph 44.

45. AMBROSIO denies the factual allegations in Paragraph 45.

46. AMBROSIO denies the factual allegations in Paragraph 46.

## DEMAND FOR RELIEF

47. AMBROSIO denies Plaintiff is entitled to the requested relief sought including subsections (a) – (f).

## DEMAND FOR JURY TRIAL

48. AMBROSIO denies that Plaintiff has asserted any triable issues requiring a jury trial.

## AFFIRMATIVE AND OTHER DEFENSES

Each of the defenses set forth herein is stated as a separate and distinct defense, in the alternative to, and without waiving, any of the other defenses which are herein or which may hereafter be pleaded. AMBROSIO reserves the right to raise such additional affirmative and other defenses as may be established during discovery and by the evidence in this case. AMBROSIO asserts the following specific defenses:

1. Plaintiff's Complaint fails to state a claim upon which relief may be granted.

2. Plaintiff's claims against AMBROSIO are barred, in whole or in part, because the alleged injuries were caused by acts or omissions of Plaintiff and/or third parties and/or by events outside the control of any of the parties and/or a superseding intervening cause and not by AMBROSIO.

3. AMBROSIO had prior express consent to contact Plaintiff.

4. AMBROSIO did not violate the TCPA directly, and Plaintiff fails to allege a claim under any theory of vicarious liability.

5. Plaintiff lacks Article III standing to bring this action because Plaintiff did not suffer an injury-in-fact as a result of AMBROSIO'S alleged conduct.

6. Plaintiff's claims are barred under the doctrines of laches and/or unclean hands.

7. To the extent that Plaintiff's claims relate to conduct beyond the applicable statute of limitations, such claims are barred.

8. Plaintiff's claims are barred to the extent they arise from an isolated text message thus precluding liability under the TCPA.

9. Plaintiff's claims are barred, or damages reduced, to the extent that any harm or injuries were the result of, in whole or in part, the negligent or intentional acts or omissions of third parties.

10. To the extent there was any violation of the TCPA, which AMBROSIO denies, AMBROSIO is not liable for any such violation because AMBROSIO established and implemented, with due care, reasonable practices and procedures to effectively prevent violations of the TCPA, and therefore such violation was not willful or knowing.

11. AMBROSIO is informed and believes that Plaintiff's claims are barred in whole or in part as a result of their failure to mitigate their alleged damages, if any, and any recovery should be reduced in proportion to their failure to mitigate such damages.

12. AMBROSIO did not willfully or knowingly contact Plaintiff without prior express consent. To the extent that there was any violation of the TCPA, which AMBROSIO denies, AMBROSIO shall be liable for no more than a $500.00 penalty, as AMBROSIO denies that it willfully and knowingly violated the TCPA pursuant to 47 U.S.C. § 227(b)(3)(C).

13. To the extent there was any violation of the TCPA, which AMBROSIO denies, AMBROSIO shall be liable for no more than a $500.00 penalty, as Plaintiff has not sustained any actual monetary loss pursuant to 47 U.S.C. § 227(b)(3)(B).

14. AMBROSIO is informed and believes that Plaintiff has not sustained any actual injury as a result of the alleged violations of the TCPA. Plaintiff must sustain an injury in fact for each individual call or text for which Plaintiff claims a violation.

15. AMBROSIO's compliance with the statutes, rules, and regulations which govern the subject matter of this lawsuit precludes its liability to Plaintiff.

16. The allegations of the Complaint, and the purported cause of actions alleged in the Complaint, are not pleaded with sufficient particularity, are uncertain, vague, ambiguous, and unintelligible, and fail to meet the applicable pleading requirements.

17. Plaintiff's claims are barred, in whole or in part, because Plaintiff's requested relief is too speculative and/or remote and/or impossible to prove and/or allocate.

18. AMBROSIO acted in good faith in any and all interactions with Plaintiff and did not directly or indirectly perform any acts whatsoever which would constitute a violation of any rights of Plaintiff or any duty, if any, owed to Plaintiff.

19. Plaintiff's claims fail or otherwise are barred, in whole or in part, or are limited because to the extent the subject contacts occurred, the calls were made with the prior express consent of Plaintiff or someone acting on Plaintiff's behalf as owners/subscribers or the regular users of the subject phone and/or other parties, persons, and entities acting on their respective behalf.

20. AMBROSIO states that he is exempted from registration under TBOC § 302.101 under the supervised financial institution exemption.

21. AMBROSIO states that TBOC § 302 does not apply to him because he is not a Seller.

22. AMBROSIO states that TBOC § 302 does not apply to him as he did not make any Telephone solicitation.

23. AMBROSIO is without sufficient knowledge or information to form a belief as to whether it may have additional, but yet unstated, affirmative defenses available to it, and accordingly, AMBROSIO reserves the right to assert additional defenses in the event discovery indicates that the same would be appropriate.

## CONCLUSION AND REQUEST FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, AMBROSIO respectfully requests that Plaintiff recover nothing, the costs and attorneys' fee are assessed against Plaintiff, and for any other relief Ambrosio is entitled to receive.

Respectfully submitted,

**MUNSCH HARDT KOPF & HARR, P.C.**

By: /s/ Michael A. Harvey
    **Michael A. Harvey**
    State Bar No. 24058352
    700 Milam Street, Suite 800
    Houston, Texas 77002
    Phone: (713) 222-4015
    Fax: (713) 222-5834
    mharvey@munsch.com

**ATTORNEYS FOR DEFENDANT LOUIS AMBROSIO**

**OF COUNSEL:**
Earl L. Ingle
State Bar No. 24097234
Sofia Colorado
State Bar No. 24121545
MUNSCH HARDT KOPF & HARR, P.C.
700 Milam Street, Suite 800
Houston, Texas 77002
Phone:  (713) 222-4075
Fax:  (713) 222-5834
eingle@munsch.com
scolorado@munsch.com

<strong><u>CERTIFICATE OF SERVICE</u></strong>

Pursuant to Rule 5 of the Federal Rules of Civil Procedure, the undersigned counsel for the Defendant certifies that the foregoing document has been filed with the Court electronic case filing system and served upon all known parties by e-service, first class mail, facsimile and/or certified mail, return receipt requested on October 4, 2024.

Mark Anthony Ortega, *Pro Se*
P.O. Box 702099
San Antonio, Texas 78270

*/s/ Michael A. Harvey*
Michael A. Harvey

11

4874-6918-0140v.1